IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-0206-WS |
| | ) | |
| ASHIR A. ZUNIGA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter comes before the Court on defendant's filing styled "Motion to Reduce Sentence Pursuant 18 U.S.C. § 3582(c)(2) Amendment 591" (doc. 929).

On October 11, 2005, Ashir A. Zuniga entered a plea of guilty in this District Court to one count of possession with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1). (doc. 240.) On September 22, 2006, the undersigned sentenced Zuniga to a term of imprisonment of 151 months, based on judicial findings that his base offense level was 36, his total offense level was 34, and his criminal history category was I, resulting in an advisory guidelines range of 151 to 188 months. In setting a base offense level of 36, the Court applied U.S.S.G. § 2D1.1(c)(2), and held Zuniga accountable for 6,000 tablets each of oxycodone, hydromorphone, hydrocodone, morphine, and methadone, as well as 736 grams of crack cocaine. On December 3, 2008, the undersigned entered an Order (doc. 866) reducing Zuniga's sentence to 121 months based on retroactive application of Amendments 706 and 711 to the Sentencing Guidelines, which lowered Zuniga's base offense level to 34, his total offense level to 32, and his advisory guideline range to 121 to 151 months.

Zuniga now files another motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), this time invoking Amendment 591. The Eleventh Circuit has explained that "Amendment 591 requires that the initial selection of the offense guideline be based only on the statute or offense of conviction rather than on judicial findings of actual conduct not made by the jury." *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). Zuniga's sentence was entirely consistent with Amendment 591. After all, Zuniga pleaded guilty to a violation of 21 U.S.C. § 841(a)(1). The Statutory Index (Appendix A) to the Guidelines Manual reflects that the

offense guideline section applicable to violations of § 841(a)(1) is U.S.S.G. § 2D1.1, which is the very offense guideline applied in Zuniga's case. Thus, Zuniga's guideline range was computed in a manner fully consistent with Amendment 591, which took effect on November 1, 2000, more than five years before he was sentenced.

A close reading of Zuniga's Motion suggests that he is arguing that Amendment 591 forbids the use of relevant conduct in computing a base offense level within the applicable offense guideline, and that he is therefore entitled to sentence modification because his base offense level was determined by reference to relevant conduct. This argument is misguided. Circuit law is quite clear that "Amendment 591 directs the district court to apply the guideline dictated by the statute of conviction, but does not constrain the use of judicially found facts to select a base offense level within the relevant guideline." *Moreno*, 421 F.3d at 1219-20; *see also United States v. Crawford*, 2007 WL 1745876, *5 (11th Cir. June 18, 2007) ("to the extent that Crawford contended that Amendment 591 prohibited the district court from setting his base offense level within § 2D1.1 based on facts not found by the jury, that argument is directly foreclosed by our decision in *Moreno*"). Because this Court did, in fact, apply the offense guideline dictated by the statute of Zuniga's conviction, Amendment 591 has no impact and no bearing on Zuniga's guideline range, and does not authorize the granting of relief to him on his current § 3582(c)(2) Motion.

For the foregoing reasons, Zuniga's Motion to Reduce Sentence (doc. 929) is **denied**.[1]

DONE and ORDERED this 25th day of July, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court does not construe Zuniga's § 3582(c)(2) motion as seeking relief under Amendment 750, the latest so-called "crack amendment" that reduces the guideline range for certain crack cocaine offenses. Amendment 750 will have retroactive effect beginning on November 1, 2011, which is also the effective date of the amendment itself, unless Congress acts to disapprove it. Should Zuniga desire relief under Amendment 750, he should file another § 3582(c)(2) motion after November 1, identifying that amendment as his basis for relief. At this time, the Court expresses no opinion and makes no findings as to whether Zuniga will or will not be eligible for relief under Amendment 750, if and when that amendment becomes effective.